UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CARLOS D. THOMAS,

    Petitioner,

    v.      CAUSE NO. 3:21-CV-22-MGG

WARDEN,

    Respondent.

## OPINION AND ORDER

Carlos Thomas, a prisoner without a lawyer, filed an amended habeas corpus petition challenging the disciplinary decision (MCF-20-6-356) at the Miami Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of possession of a weapon in violation of Indiana Department of Correction Offense 106. Following a hearing and administrative appeal, he was sanctioned with a loss of one hundred eighty days earned credit time and a demotion in credit class.

Thomas argues that he is entitled to habeas relief because the administrative record lacks sufficient evidence for a finding of guilt. He states that a more thorough investigation would have revealed that he did not possess the weapons.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

> Departmental policy defines possession as:
>
> On one's person, in one's quarters, in one's locker or under one's physical control. For the purposes of these procedures, offenders are presumed to be responsible for any property, prohibited property or contraband that is located on their person, within their cell or within areas of their housing, work, educational or vocational assignment that are under their control.

ECF 9-12 at 5. The administrative record includes a conduct report in which a correctional officer represents that he found a laundry bag containing ten makeshift weapons in the mattress on the bottom bunk assigned to Thomas. ECF 9-1. It also includes a photograph of the makeshift weapons. ECF 9-3. The conduct report and the photograph constitute some evidence that Thomas committed possession of a weapon as defined by departmental policy. Therefore, the claim that the administrative record lacked sufficient evidence is not a basis for habeas relief.

Thomas argues that he is entitled to habeas relief because correctional staff did not document or grant his evidentiary requests. "[T]he inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). According to the screening report, Thomas requested Sergeant Porter and "P144," a reference to the top bunk in his cell, as witnesses. ECF 9-4. He also requested confirmation of his bunk assignment. Correctional staff responded reasonably to these requests by obtaining statements from two inmates and a statement from Sergeant Porter indicating that Thomas was assigned to "Bunk 143." ECF 9-6. Though Thomas suggests that he had other undocumented requests, he does not describe the requested evidence, nor does he explain how such

evidence would have affected the outcome of his case. Therefore, the argument that Thomas was not allowed to present evidence is not a basis for habeas relief.

Thomas argues that he is entitled to habeas relief because the hearing officers were not impartial decisionmakers because they necessarily had an interest in supporting their colleagues and because they were not judicial officers. The Supreme Court of the United States has held that correctional officers presiding over disciplinary hearings are sufficiently impartial decisionmakers for purposes of due process. *Wolff v. McDonnell*, 418 U.S. 539, 570–71 (1974). These officers are "entitled to a presumption of honesty and integrity," and "the constitutional standard for improper bias is high." *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). However, due process prohibits a correctional officer who was personally and substantially involved in the underlying incident from acting as a decisionmaker in the case. *Id.* The record contains no indication that the hearing officers had any personal involvement in the underlying charge and no indication of any other type of improper bias. As a result, the claim of improper bias is not a basis for habeas relief.

Because Thomas has not asserted a valid claim for habeas relief, the habeas petition is denied. If Thomas wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the amended habeas corpus petition (ECF 3);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Carlos D. Thomas leave to proceed in forma pauperis on appeal.

SO ORDERED this July 14, 2021.

s/Michael G. Gotsch, Sr.
Michael G. Gotsch, Sr.
United States Magistrate Judge